UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

F.A.C.E. TRADING, INC., et al.,

    Plaintiffs,

v.                                              CASE NO: 8:05-cv-1740-T-23TBM

FRANK FAMIANO, et al.,

    Defendants.
_____/

## **ORDER**

The plaintiffs sue Frank Famiano, East-West Partners, Inc., ("EWP"), and Universal Manufacturing Company ("Universal") for patent infringement and unfair competition and seek (Doc. 9) a preliminary injunction. Universal moves (Doc. 7) to dismiss for lack of personal jurisdiction. Both motions were referred to United States Magistrate Judge Thomas B. McCoun, III, who submits a report and recommendation (Doc. 40). Judge McCoun recommends denying Universal's motion to dismiss. No party objects to the recommendation and the time for filing objections has expired. Accordingly, Judge McCoun's recommendation on Universal's motion to dismiss is **ADOPTED** and the motion (Doc. 7) is **DENIED**.

Judge McCoun recommends granting in part the plaintiffs' motion for a preliminary injunction. The plaintiffs object (Doc. 45) to "certain factual findings concerning the validity of United States Patent No. 6,340,179" and argue that the "report and recommendation concerning the validity of the patent must be reversed." Judge

McCoun recommends no "finding of fact" about the validity of the '179 patent. Accordingly, the plaintiffs objection to the Magistrate Judge's "factual finding" is **OVERRULED**.

The defendants object (Doc. 47) to the "scope of the recommended preliminary injunction." The defendants' objection fails to establish an error in the Magistrate Judge's assessment of the facts or application of law. Accordingly, the defendants' objection (Doc. 47) is **OVERRULED**. The plaintiffs (Doc. 45) pose no objection to the preliminary injunction, but request a modification. The defendants fail to object to the proposed modification. Accordingly, the plaintiffs' suggested modification is **APPROVED** in part.

The defendants file an untimely supplemental objection and argue that the required bond be increased from $10,000.00 to $250,000.00. The objection demonstrates neither an error in Judge McCoun's assessment of the bond nor an entitlement to a $250,000.00 bond. See Fed. R. Civ. P. 65(c) (requiring security to pay for "costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained"). Accordingly, the objection is **OVERRULED**.

Judge McCoun's recommendation (Doc. 40) on the plaintiffs' motion is **ADOPTED** and the plaintiffs' motion for a preliminary injunction is **GRANTED IN PART** as follows:

Frank Famiano, East-West Partners, Inc., Universal Manufacturing Company, and all persons acting in concert with them, including but not limited to any officer, employee, agent, or other representative are enjoined from directly or indirectly

manufacturing, distributing, selling or offering for sale or otherwise dispensing any beetle bailey, Race to Win, or such similar break-open coupon or card combining promotional material or advertising with a game of chance in any vending machine bearing AD-TABS promotional material, to any owner of a vending machine bearing AD-TABS promotional material, or at any location at which the plaintiffs' AD-TABS cards or coupons are being sold or dispensed.

Frank Famiano, East-West Partners, Inc., and Universal Manufacturing Company are directed to remove any and all infringing product from the marketplace, including any product placed in the possession of a third-party distributor.

The plaintiffs, as a condition of this injunction, are required to post a cash or surety bond in the amount of $10,000.00 in a form acceptable to and approved by the Clerk of Court for the United States District Court, Middle District of Florida.

ORDERED in Tampa, Florida, at 4:15 p.m. on March 8, 2006.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

cc:   US Magistrate Judge Thomas B. McCoun, III
      Courtroom Deputy